# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JAMES T MAXWELL § | |
| § | Civil Action No. 4:16-CV-342 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| FROST BANK § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 23, 2016, the report of the Magistrate Judge (Dkt. #43) was entered containing proposed findings of fact and recommendations that Defendant Frost Bank's Motion to Dismiss under Rule 12(b)(6) and Brief in Support ("Defendant's Motion to Dismiss") (Dkt. #6) be granted and Plaintiff's Motion to Treat Motion to Dismiss as Motion for Summary Judgment under Rule 56 ("Motion to Convert") (Dkt. #31) be denied. Having received the report of the Magistrate Judge (Dkt. #43), having considered Plaintiff's timely filed objection (Dkt. #48), Defendant's response to Plaintiff's objection (Dkt. #53) and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #43) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case originate from a Guaranty Agreement which obligated Plaintiff James T. Maxwell ("Plaintiff") to repay certain amounts of principal and interest should the named borrower default. Plaintiff also, in connection therewith, executed an "Arbitration and Final Agreement" which purported to add a waiver of jury trial to the Guaranty Agreement. The

underlying facts are set out in further detail by the Magistrate Judge, and are not repeated in their entirety herein; rather the Court summarizes only those facts pertinent to Plaintiff's objection (*see* Dkt. #43).

At the state court level, Plaintiff filed a request for jury trial which was stricken by the trial court. The state court action thereafter proceeded to a bench trial, culminating in entry of a final judgment in favor of Defendant. Plaintiff filed a notice of appeal which was subsequently dismissed, and then filed the instant suit requesting the Court to "declare that [Plaintiff] has not waived his right to a trial by jury as provided by Amendment VII of the Constitution of the United States, in [the State Court Action] and that any judgment against [Plaintiff] in that action, or in any subsequent action by [Defendant] in any court, without a jury trial is a void judgment."

The Magistrate Judge, after a hearing and review of all relevant pleadings, entered a report and recommendation on December 23, 2016, recommending Defendant's Motion to Dismiss be granted (Dkt. #6) and Plaintiff's Motion to Convert (Dkt. #31) be denied. Specifically, the Magistrate Judge made the following conclusions: (1) the Court lacks jurisdiction over Plaintiff's Complaint under the *Rooker-Feldman* doctrine; (2) Plaintiff's claims are barred by res judicata and collateral estoppel, and (3) Plaintiff fails to state a claim for declaratory relief (Dkt. #43). Moreover, with respect to the Motion to Convert, the Magistrate Judge found the attachments to Defendant's Motion to Dismiss were properly considered and did not necessitate converting the motion into one for summary judgment. Subsequent to the report and recommendation, on January 9, 2017, Plaintiff filed a "Response to Recommendation of Magistrate Judge," which has been construed as objections (Dkt. #48).[1] On January 23, 2017, Defendant filed a response (Dkt. #53).

---

[1] The Court adopts the Magistrate Judge's finding regarding the Motion to Convert. Plaintiff's response, which the Court has construed as an objection, does not address or touch in any way the finding that the Motion to Convert should be denied. Plaintiff does request that the Court require Defendant to file a response to Plaintiff's Motion for

2

# PLAINTIFF'S OBJECTION

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). However, "[p]arties filing objections must specifically identify those findings [to which they object]. Conclusive or general objections need not be considered by the district court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Plaintiff's objection herein does not identify or otherwise state any specific issue of law or fact among those set forth in the Magistrate Judge's report and recommendation with which he disagrees; Plaintiff merely reiterates his underlying reason for filing suit:

> My reason for coming to this Court was that I had been denied a jury trial in state court. Seeing this as a constitutional issue, I was hopeful that a Federal court would see it as worthy of protection. The only real factual issue was whether or not I had agreed to waive my right to a jury trial.

(Dkt. #48). The Court has undertaken a de novo review of the report and recommendation and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass*, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation).

The Magistrate Judge clearly outlined the law regarding the application of the *Rooker-Feldman* doctrine, and concluded that all elements are satisfied (Dkt. #43 at 9-12). The Court

---

Summary Judgment; in light of the Court's determination herein that this cause should be dismissed, the Court denies Plaintiff's request.

agrees. Having reviewed the face of Plaintiff's live pleading, the only relief requested is a declaration invalidating the state court's determination that Plaintiff had waived his right to trial by jury. No matter how it is couched, Plaintiff's complaint remains a collateral attack on the state court action and any threatened injuries flow from the state court judgment. Plaintiff seemingly admitted as much at Hearing: when questioned by the Magistrate Judge regarding how the state court action would be impacted by granting his requested relief, Plaintiff answered that the state court judgment would have to be declared void. Plaintiff's objection merely buttresses this fact as Plaintiff also admits therein that his sole purpose in initiating this suit was to ask the Court to decide whether or not he had waived his right to a jury trial (Dkt. #48). This court lacks jurisdiction to review the state court's decision to strike Plaintiff's jury demand.

As to the other bars alleged to be applicable to Plaintiff's claim, res judicata prohibits the litigation of claims that were or could have been raised in a prior action, while collateral estoppel precludes redundant litigation over issues previously adjudicated between the same parties. *See Cox v. Nueces Cty.*, 839 F.3d 418, 421 (5th Cir. 2016); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978). The Magistrate Judge found that "the issue raised in this suit regarding Plaintiff's entitlement to a jury trial is identical to that issue litigated before the state trial court" (Dkt. #43). The Court once again agrees and cites to Plaintiff's own objection. Plaintiff admits that he was denied a trial by jury by the state court and would like this Court to consider that issue anew (Dkt. #48). Plaintiff's claim is barred by both res judicata and collateral estoppel.

Lastly, the Magistrate Judge found Plaintiff alleged no other causes of action, independent from Plaintiff's request for declaratory relief (Dkt. #43). Thus, no facts exist demonstrating the existence of a continuing justiciable controversy in this case. *See Aetna Life Ins. Co. v. Haworth*,

4

300 U.S. 227. 239-41 (1937). As such, the determination that Plaintiff has failed to allege a claim for declaratory relief is accurate. Accordingly, the Court finds Plaintiff's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered Plaintiff's timely filed objection (Dkt. #48), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #43) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Dkt.#6) is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion to Convert (Dkt. #31) is **DENIED**.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

SIGNED this 2nd day of February, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE